Filed 7/16/15  P. v. Meador CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GORDON DALE MEADOR,<br><br>Defendant and Appellant. | B261953<br><br>(Los Angeles County<br>Super. Ct. No. A024346) |

THE COURT:[*]

Defendant Gordon Dale Meador pled guilty in 1982 to burglary, robbery, and first degree murder (Pen. Code, §§ 187, 190.2, subd. (a)(17), 211, 459),[1] and was sentenced to life without possibility of parole.  Thirty years later, defendant filed a petition for writ of habeas corpus requesting DNA testing pursuant to section 1405, and the trial court appointed counsel to investigate and if appropriate, file a motion for DNA testing.  Counsel determined that the requested DNA evidence was destroyed by the Los Angeles Police Department in 1993, negating the necessity for a DNA testing motion.  The trial court ordered the case closed pursuant to counsel's request and relieved counsel of

---

[*]    ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

[1]    All further references are to the Penal Code unless otherwise indicated.

record.  Defendant requested reconsideration of the court's order and asked that the victim's body be exhumed for testing for semen in the body that defendant contended would show he was not the killer.  The trial court advised defendant by letter that no further action would be taken on the matter.

Defendant then filed a "motion to reconsider ordering DNA testing and exhuming the body of [the victim]."  The motion was based on section 1405 and also included a *Trombetta*/*Youngblood* motion.  (*California v. Trombetta* (1984) 467 U.S. 479; *Arizona v. Youngblood* (1988) 488 U.S. 51.)  The trial court denied the motion, finding that the DNA sought for testing was no longer available, and that defendant had not established a reasonable likelihood that the victim's body was in a condition that would permit DNA testing.  Defendant timely appealed the trial court's denial of his motion for reconsideration.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On June 1, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  After defendant was notified of his counsel's brief, he filed his own letter brief with the points and argument he wished to have considered.

We have reviewed the entire record and defendant's letter brief and have found no arguable issues.  As the trial court noted, in order to be entitled to DNA testing, defendant must affirmatively establish that "[t]he evidence to be tested is available and in a condition that would permit the DNA testing requested in the motion" and that the requested DNA testing results would raise a "reasonable probability" that the defendant would have received a more favorable outcome had the results been available at the time of conviction.  (§ 1405, subds. (g)(1), (g)(5).)  Here, the original DNA evidence was destroyed in 1993, rendering it unavailable for testing, and defendant established no reasonable likelihood that the condition of the victim's body, after decomposing for 33 years, would permit new DNA testing.  Moreover, it is not reasonably probable defendant would have received a more favorable result if DNA testing had been available

2

at the time of his conviction because he pled guilty to all of the charged crimes and was not charged with any sex crime. Defendant therefore cannot establish that he is statutorily entitled to DNA testing. Defendant raised his *Trombetta*/*Youngblood* claim for the first time in his motion for reconsideration. Even if we overlook the procedural impropriety of using this procedural device (Code Civ. Proc., § 1008), this claim is without merit because there was no indication that the police acted in bad faith in destroying the original evidence. The failure to preserve only potentially useful evidence is not *Trombetta*/*Youngblood* error. (*People v. Roybal* (1998) 19 Cal.4th 481, 510.)

We are satisfied that defendant's appellate attorney has fully complied with his responsibilities. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.